IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STANIKO V. MCCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-200 |
| | ) | |
| ASHLEY WRIGHT and | ) | |
| D.A. STETSON CROMER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). When Plaintiff filed a letter in the Northern District of Georgia, construed by United States Magistrate Judge Regina D. Cannon to be a civil rights complaint under 42 U.S.C. § 1983 prior to transfer to this District, (see doc. nos. 1, 2), he did not pay the filing fee or submit a motion to proceed IFP. Upon arrival of the case in the Southern District, the Clerk of Court sent Plaintiff a deficiency notice on August 28, 2025, regarding the need to pay the $405 filing fee or file a motion to proceed IFP, and set a twenty-one-day deadline for compliance. (See doc. no. 5.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the deficiency notice, as it was returned to the Clerk because Plaintiff had been released from detention at the Charles B. Webster Detention Center, the only location information on file with the Court.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).

Plaintiff did not comply with the requirements for commencing a civil action by filing a complaint unaccompanied by the full filing fee or a motion to proceed IFP, and when given the opportunity to correct the deficiency, Plaintiff failed to respond to the Clerk's notice.  Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case.  Moreover, Plaintiff's failure to keep the Court apprised of a current address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible

In sum, the time to respond has passed, Plaintiff has not paid the filing fee or submitted a motion to proceed IFP as required, and there is no current address on file with the Clerk of

Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of September, 2025, at Augusta, Georgia.

_____<br>
BRIAN K. EPPS<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA